# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
November 22, 2005 Session

## STATE OF TENNESSEE V. LARRY ALLEN WHITED
## and WILLIAM HENRY RUTHERFORD

**Appeal from the Criminal Court for Sumner County**
**No. 186-2003     Jane Wheatcraft, Judge**

**No. M2005-00167-CCA-R3-CD - Filed March 7, 2006**

David G. Hayes, Judge, dissenting in part on the majority opinion.

The majority affirms the Defendant Whited's conviction for aggravated assault concluding that "a rational jury could easily infer that [seventeen-month-old] Tristian was in reasonable fear of imminent bodily injury . . . ." For the reasons discussed below, I respectfully dissent.

Under our statute, an assault occurs when a person engages in conduct which "causes another to reasonably fear imminent bodily injury." T.C.A. § 39-13-101(a)(2). The use of the term "reasonably" denotes that the fear or apprehension of bodily injury is measured by an objective standard. The fear or apprehension must be one which would normally be aroused in the mind of a <u>reasonable</u> <u>person</u>. Without fear, there is no crime of assault under the provisions of § 101(a)(2). While I agree that it is not necessary that a victim expressly testify that he or she was in fear of imminent bodily injury, as fear may be inferred from the facts of the case, nonetheless, it remains that the victim must still experience fear.

As an element of the offense, it was the State's burden to prove that the defendant's conduct "cause[d] [the victim] to reasonably fear imminent bodily injury" by use of the deadly weapon. I am unable to agree with my colleagues' conclusion that the proof established that the seventeen-month-old victim had the ability to comprehend the inherent danger of the assault rifle and that injury could result by the use of the weapon. The majority's holding today, thus, permits a conviction, not only when the victim is an infant but also when the victim is mentally incapacitated or comatose, irrespective of the ability to comprehend fear, the central element of the crime. Here, the Defendant's unlawful conduct could have been prosecuted by charging the proper crime of felony reckless endangerment, which proscribes the placing of a person in imminent danger of serious bodily injury by use of a deadly weapon, <u>without</u> the requirement of fear by the victim. T.C.A. § 39-13-103(a), (b).

In all other respects, I concur.

_____
DAVID G. HAYES, JUDGE